# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 14-726V
Filed: June 22, 2017
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| TRENT KUZMAN, Legal Representative of Minor Child, I.K., * * * | |
| Petitioner, * * | Attorneys' fees and costs decision; reasonable attorneys' fees and costs |
| v. * * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, * * * | |
| Respondent. * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Maximillian J. Muller</u>, Dresher, PA, for petitioner.
<u>Linda S. Renzi</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

**DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

On August 11, 2014, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) alleging that his daughter's receipt of rotavirus vaccine on November 25, 2013 caused her to develop intussusception. On May 3, 2016, the

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access. On June 5, 2017, the undersigned issued an Order on petitioner's Motion to Redact dated April 19, 2017. In her Order, the undersigned granted petitioner's motion to redact his name, but denied petitioner's motion to redact the civil case number.

undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation.

On June 16, 2017, petitioner filed a motion for attorneys' fees and costs.   Petitioner requests attorneys' fees in the amount of $27,101.50 and attorneys' costs in the amount of $19,972.25 for a total request of $47,073.75.    In compliance with General Order #9, petitioner states that he incurred no out-of-pocket expenses.   Fee App. at 1-2.

On June 13, 2017, respondent filed a response to petitioner's motion explaining he is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B).   Resp. at 2.   Respondent "respectfully recommends that the [undersigned] exercise her discretion and determine a reasonable award for attorneys' fees and costs."  Id. at 3.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1).   Based on the undersigned's experience and review of the billing records submitted by petitioner, the undersigned finds petitioner's attorneys' fees and costs request reasonable.   Therefore, the undersigned **GRANTS** petitioner's Motion for Attorneys' Fees and Costs. Accordingly, the court awards **$47,073.75**, representing attorneys' fees and costs.   The award shall be in the form of a check payable jointly to petitioner and Muller Brazil, LLP.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: <u>June 22, 2017</u>                                                                 <u>s/ Laura D. Millman</u>
                                                                                                                Laura D. Millman
                                                                                                                Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.